UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kenneth G. McDonald,<br><br>  Plaintiff,<br><br>v.<br><br>Brian Williams, et al.,<br><br>  Defendants. | Case No. 2:17-cv-03066-RFB-DJA<br><br>**Order** |

While Plaintiff Kenneth McDonald was using a chemical to clean floors at High Desert State Prison where he was an inmate, some of the chemical splashed into Plaintiff's left eye. Plaintiff sued Defendants, arguing that he had not been provided protective eye wear to use while cleaning the floor. Plaintiff moves to extend discovery deadlines, for sanctions, and for copies of court documents. Because Defendants did not respond to Plaintiff's request for an extension and because Plaintiff has shown good cause, the Court grants Plaintiff's motion to extend discovery deadlines. Because the Court finds that Plaintiff has shown that Defendants may have mislead the Court in claiming to help expedite Plaintiff's eye exam, it grants Plaintiff's motion for sanctions in part and orders Defendants to show cause why they did not violate Rule 11. Because the Court cannot provide Plaintiff with copies, it denies his two motions for copies. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections. On December 11, 2016, while incarcerated at High Desert State Prison, Plaintiff was using a chemical wax stripper to remove old wax from the prison floor. As Plaintiff poured the stripper into a bucket, it unexpectedly splashed into Plaintiff's left eye, causing damage. Plaintiff initiated

this action on December 14, 2017, alleging violations related to the accident and the prison's failure to provide protective equipment.  (ECF No. 1).

On December 13, 2018, Plaintiff was transferred to serve his sentence as a Nevada boarder at the Saguaro Correctional Center (SCC), a private prison run in Arizona.  Plaintiff has asserted that Defendant Jennifer Nash transferred him in retaliation for his complaint. (ECF No. 12).  On January 25, 2021, Plaintiff informed the Court that he was transferred to Southern Desert Correctional Center (ECF No. 62).

### A. *Plaintiff's motion to extend time for discovery.*

In his motion to extend discovery deadlines (ECF No. 84) filed on July 20, 2021, Plaintiff explains that he will be unable to complete discovery by the August 31, 2021 deadline.  Plaintiff explains that the delay is because he has "brain fog" from catching COVID, the law library has been closed due to a COVID outbreak, and because Plaintiff is a pro-se litigant.  Plaintiff request ninety additional days to complete discovery.  Plaintiff also asks for the Court to "pause" discovery until the Court has decided his motion for permissive joinder (ECF No. 82) and his motion for reconsideration (ECF No. 71).  Defendants did not file a response.

### B. *Plaintiff's motion for sanctions.*

Plaintiff moves for monetary sanctions against Defendants (ECF No. 85), making three main arguments: (1) that Defendant Nash committed perjury; (2) that Defendants have lied to the Court and him about their promises to expedite the process of providing Plaintiff an optometry appointment; and (3) that Defendants have failed to comply with Court orders to provide Plaintiff with his complete medical file.  Plaintiff requests monetary and case dispositive sanctions.  The monetary sanctions Plaintiff requests include: (1) $100 for every day he went without glasses or eye care while housed at SCC, totaling $44,500; (2) $100 for every day he was not given access to his medical records totaling $9,700; and (3) $500 to cover his costs in writing the Rule 11 motion.

#### 1. Defendant Nash's alleged perjury.

First, Plaintiff claims that Defendant Jennifer Nash was responsible for transferring him to SCC in retaliation and that she committed perjury when she signed a declaration stating that she

was not involved in the transfer (ECF 15-1).  Plaintiff claims he has proof in the form of the Nevada Department of Corrections' (NDOC) responses to his fellow inmate's requests for productions.  In an excerpt from those responses—which Plaintiff attaches to ECF No. 66—NDOC appears to respond that the criteria it uses to select inmates to transfer is created with "input from…the Wardens and Associate Wardens from ESP and HDSP."  Plaintiff claims that, because Nash is and was a warden at High Desert State Prison on April 3, 2018—when he alleges that NDOC responded to his fellow inmate's request—that Nash's declaration that she was not involved in Plaintiff's transfer is perjury.

Defendants respond (ECF No. 90) that Nash did not commit perjury because the documents that Plaintiff references do not specifically say that Nash was involved in the decision to move Plaintiff.  Defendants also assert that Plaintiff did not attach the documents.  Plaintiff replies (ECF No. 94) that he attached the documents to a previous motion—which he cited in his motion—to avoid NDOC employees destroying them in retaliation.  He argues that the discovery response is factual evidence of Nash's perjury.

        2.    <u>Defendants' alleged misrepresentations about providing Plaintiff with eye care.</u>

Second, Plaintiff asserts that, on May 24, 2019, the Defendants misrepresented to the Court that they would contact SCC medical staff to expedite Plaintiff getting an eye exam for new glasses.  (ECF No. 15).  Plaintiff filed a motion for injunctive relief requesting an eye exam on May 16, 2019, explaining that he had been requesting an exam to no avail since January (ECF No. 12).  In their response to his motion (ECF No. 15), Defendants represented that they would try to expedite the process of Plaintiff getting an eye exam and conceded that Plaintiff "may face irreparable harm if he goes an extended time without prescription glasses."  Despite these reassurances, Plaintiff did not receive an eye exam until almost a year later and only after the Court ordered Defendants to provide one.

In that order (ECF No. 43), the Court liberally construed Plaintiff's complaint as "alleging a deliberate indifference to serious medical needs claim," and granted his request for relief.  In ordering Defendants to provide Plaintiff an eye exam, it explained that,

> Plaintiff has alleged facts sufficient to demonstrate that Defendants have deliberately delayed getting adequate treatment to Plaintiff, and that the delay has caused Plaintiff further pain and injury…Defendants assured the Court in their response to Plaintiff's emergency motion that they "would contact SCC medical staff and attempt to expedite the process"…Defendants have not submitted anything to the Court indicating that they have in fact done so.

Four days after the Court ordered Defendants to provide Plaintiff with an exam—on March 20, 2020—Plaintiff saw an optometrist.

In response (ECF No. 90), Defendants do not address the nearly year-long gap between their assurances to the Court that they would help Plaintiff get an eye exam and his actual exam. Rather, they claim that Plaintiff's argument is "completely irrelevant" because his medical indifference claim is no longer part of the case since the Court only allowed his deliberate indifference to unsafe prison conditions claim and equal protection claim to proceed (ECF No. 17). They also assert that "NDOC Employees should not be responsible for SCC's alleged failure to provide McDonald with proper eye care." Plaintiff points out in reply (ECF No. 94) that living without an updated prescription or eye exam constitutes "unsafe prison conditions." He also argues that Defendants' assertion that SCC alone is responsible for providing him an eye appointment is inconsistent with Defendants' statements and actions. He points out that Defendants told the Court they would "contact SCC medical staff to attempt to expedite the process," and that after the Court ordered *Defendants* to provide Plaintiff an eye exam, he had an exam four days later while living at SCC.

3. <u>Defendants' failures to provide Plaintiff with his medical file.</u>

Third, Plaintiff asserts that Defendants failed to comply with Court orders to provide him with his medical file. On May 17, 2019, the Court ordered Defendants to provide Plaintiff "medical records related to his eye care." (ECF No. 13). On March 31, 2021, after Plaintiff requested more records, the Court found that Defendants had fully complied with its prior order at ECF No. 13 and directed Defendants to "ensure that Plaintiff has access to his full medical record." (ECF No. 65). On June 11, 2021, Plaintiff filed a motion (ECF No. 71), informing the Court that he still did not have his full medical records. Defendants responded to the motion

(ECF No. 74) explaining that they "will ensure that McDonald receives access to [his medical records]." When the Court decided Plaintiff's June 11, 2021 motion a month later, it ordered Defendants to provide Plaintiff a copy of his records within two weeks (ECF No. 83).

Defendants respond (ECF No. 90) that because they complied with the Court's order and provided Plaintiff with his medical records on July 28, 2021—a few days after Plaintiff filed his motion for sanctions—the issue is moot. Plaintiff replies (ECF No. 94) that it took three Court orders for Defendants to provide his full medical record. Plaintiff claims that Defendants defied these orders.

### C.   Plaintiff's motions for copies.

Plaintiff requests a copy of his emergency motion to request a court order (ECF No. 96) and a copy of his reply to Defendant's response to his motion for reconsideration (ECF No. 97). He explains in both motions that he is proceeding *in forma pauperis*. In his request for a copy of his emergency motion, he explains that the copy he has is damaged. In his request for a copy of his reply, he asserts that he should have received a file stamped copy, but that it may have been lost in the mail.

### D.   Plaintiff's notices to the Court.

Plaintiff has also filed numerous "notices" to the Court through which he informs the Court of various events at the prison and in the litigation. (ECF Nos. 87, 91, and 93). In these notices, Plaintiff informs the Court that: (1) his grievances about prison staff hiding his legal mail have been denied; (2) that his related case has settled; and (3) that he has had difficulty sending out legal mail and that a correction officer destroyed his property. Plaintiff asks the Court to take notice of events, but does not otherwise ask for specific relief.

**II.   Standard.**

*Pro se* parties are held to less stringent standards than those represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 20 (1972). Courts also liberally construe *pro se* filings. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). But *pro se* parties must follow the same rules of procedure as other litigants. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

**III.    Discussion.**

   ***A.   The Court grants Plaintiff's motion to extend the discovery deadlines.***

A motion to extend a date set by a discovery plan must be supported by good cause. *See* LR 26-3. The good cause standard primarily considers the diligence of the party seeking the extension. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992). The scheduling order can be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. *See id.* Finally, the failure of a party to file points and authorities in response to a motion constitutes a consent to granting the motion. LR 7-2(d).

Here, Plaintiff has demonstrated good cause to extend the discovery deadlines. He has demonstrated diligence by outlining all the discovery requests he has sent out in the litigation. He also explains that he cannot complete discovery within the remaining time because of "brain fog" he has experienced after contracting COVID, the law library has been closed due to a COVID outbreak, and because Plaintiff is a pro-se litigant. Finally, Defendants have not responded to Plaintiff's motion, constituting a consent to his request for an additional ninety days. The Court declines, however, Plaintiff's additional request to stay discovery completely pending decisions on Plaintiff's motions, one of which the Court has already decided. Should Plaintiff seek a discovery stay, he must style his motion to request one, rather than to request an extension.

   ***B.   The Court grants Plaintiff's motion for sanctions in part and orders Defendants to show cause why they did not violate Rule 11 in claiming that they would expedite the process of scheduling an eye exam for Plaintiff.***

Whether to impose sanctions is within the Court's discretion. *See Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). Under Rule 11(b), "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery." Fed. R. Civ. P. 11(b). Rule 11 sanctions only apply to attorneys responsible for violations. *See id.*

In sanctioning Rule 11 violations, the Court may order an attorney or party to show cause why their conduct did not violate Rule 11(b). Fed. R. Civ. P. 11(c)(3). Sanctions under Rule 11 may include nonmonetary directives, an order to pay a penalty into court, or an order directing payment to the movant of all or part of the expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4). The Court may not impose a monetary sanction unless it has issued a show-cause order. Fed. R. Civ. P. (c)(5)(B).

Here, the Court denies Plaintiff's motion for sanctions related to his allegations about Defendant Nash's alleged perjury and receiving his medical file. However, it finds that Plaintiff has demonstrated that Defendants may have violated Rule 11 by certifying that they would expedite the process of Plaintiff receiving an eye exam. The Court thus orders Defendants to show cause why they have not violated Rule 11 on this issue.

    1.    <u>The Court denies Plaintiff's motion for sanctions for Defendant Nash's alleged perjury.</u>

The Court does not find that Defendant Nash or her attorneys violated Rule 11 or committed perjury. Although Plaintiff does attach an excerpt from NDOC's response to his fellow inmate's requests for production, that excerpt does not establish that Nash made misrepresentations to the Court. Nash declared that she was not involved in Plaintiff's transfer to SCC. The excerpt only establishes, if anything, that wardens and associate wardens provided input on the list of inmate transfer criteria. This does not definitively prove that Nash was involved in Plaintiff's transfer. The Court denies Plaintiff's motion for sanctions on this issue.

    2.    <u>The Court orders that Defendants show cause why they did not violate Rule 11 by certifying that they would expedite the process of scheduling Plaintiff an eye exam.</u>

The Court orders Defendants to show cause why they did not violate Rule 11 by certifying that they would make efforts to expedite Plaintiff's eye exam but then failing to provide Plaintiff with an eye exam for close to a year. In their May 14, 2019 response to Plaintiff's motion

requesting injunctive relief to have an eye exam, Defendants certified that they "will contact SCC medical staff and attempt to expedite the process." Defendants also conceded that Plaintiff "may face irreparable harm if he goes an extended time without prescription glasses." But when the Court ordered Defendants to ensure Plaintiff received an eye exam about 300 days later, the Court noted,

> Defendants assured the Court in their response to Plaintiff's emergency motions that they 'would represent that they will contact SCC medical staff and attempt to expedite the process."…But Defendants have not submitted anything to the Court indicating that they have in fact done so.

After the Court's order, Defendants secured Plaintiff an eye exam in only four days. Defendants have not submitted anything to the Court indicating that they made efforts to expedite Plaintiff's eye exam in the time between their certification to the Court and the Court's order. Rather, Plaintiff waited about 300 days since Defendants assured the Court they would help him schedule an appointment and 441 days since Plaintiff first requested an appointment to have an eye exam.

The Court is unconvinced by Defendants' arguments that Plaintiff's plea for eye care is "completely irrelevant" because his amended complaint does not include a medical indifference claim. To the contrary, in ordering Defendants to provide Plaintiff with an eye exam, the Court liberally construed Plaintiff's complaint as "alleging a deliberate indifference to serious medical needs claim." Plaintiff properly raises this argument.

The Court is also unconvinced by Defendants attempt to shift the blame to SCC. While SCC is certainly not blameless, Plaintiff was still under Defendants' custody while serving his sentence at SCC. More importantly, however, Defendants misconstrue Plaintiff's allegations in his sanctions motion. He is not claiming that Defendants did not provide him with an eye exam. He is asserting that they represented that they would expedite the process to the Court and then failed to make good on that promise. Defendants may not be responsible for SCC's alleged failure, but they are responsible for their own. The Court thus orders Defendants to show cause

why they have not violated Rule 11 and why monetary sanctions to compensate Plaintiff for his costs in brining the sanctions motion are not warranted.

        3.    <u>The Court denies Plaintiff's motion for sanctions for Defendant's failure to provide him his medical file.</u>

The Court does not find that Defendants violated Rule 11 by delaying providing Plaintiff with his medical records. Plaintiff argues that it took three Court orders for Defendants to finally provide him with his entire medical file. However, the Court already found that Defendants fully complied with the first order (ECF No. 65). Nonetheless, Defendants took a long time to provide Plaintiff with his medical records after the Court's March 31, 2021 order (ECF No. 65). It took until Plaintiff filed another motion and the Court again ordered Defendants to provide Plaintiff with his medical records on July 17, 2021 for Plaintiff to receive them on July 28, 2021.

Despite Defendants' delayed compliance, the Court does not find that they violated Rule 11 by making misrepresentations to the Court. On June 25, 2021, Defendants certified that they "will ensure that McDonald receives access [to his medical records]." (ECF No. 74). About a month later, on July 28, 2021, Defendants provided Plaintiff with his complete file. Plaintiff has thus not shown that Defendants violated Rule 11 in certifying that they would provide Plaintiff with his records. The Court denies his motion for sanctions on this point.

    **C.**    ***The Court denies Plaintiff's motions for copies.***

The statute providing authority to proceed *in forma pauperis* does not include the right to obtain court documents without payment. *See* 28 U.S.C. § 1915. "The granting of an application to proceed in forma pauperis does not waive the applicant's responsibility to pay expenses of litigation that not covered by 28 U.S.C. § 1915." LSR 1-6. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not permitted plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See, e.g.*, *Collins v. Goord*, 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need); *In re Richard*, 914

F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no free copy of court orders).

Here, Plaintiff is not entitled to copies on request. Although Plaintiff asserts that he is proceeding *in forma pauperis* in his motions, that alone does not waive his responsibility to pay the expenses of litigation, including obtaining copies. Plaintiff has also not demonstrated a specific showing of need. He argues that one of his copies was damaged while another seems to have been lost in the mail. But he does not demonstrate that he cannot otherwise obtain new copies. The Court thus denies Plaintiff's motions for copies.

### D. *Plaintiff must include information he deems relevant to his motions in the motions themselves.*

The Court takes this opportunity to remind Plaintiff that facts or allegations on which he wishes to rely in motions must be included in the motions themselves. Plaintiff has filed numerous "notices" with the Court. His most recent three notices (ECF Nos. 87, 91, and 93) inform the Court that his grievances about prison staff hiding his legal mail have been denied, that his related case has settled, and that he has had difficulty sending out legal mail and that a correction officer destroyed his property. However, the Court reminds Plaintiff that he must either amend his complaint to include new facts or assert them in a motion for the Court to consider them in connection with his requests for relief.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend discovery deadlines (ECF No. 84) is **granted**. Discovery is extended for ninety days. The below deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings or add parties | Monday, November 1, 2021 |
| Discovery cutoff | Monday, November 29, 2021 |
| Discovery motions | Monday, December 13, 2021 |
| Motions for summary judgment | Wednesday, December 29, 2021 |

Joint pretrial order                                            Friday, January 28, 2022[1]

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (ECF No. 85) is **granted in part**. Defendants are ordered to show cause why they have not violated Rule 11 by filing a brief on the issues discussed in this Order in thirty days: Monday, October 18, 2021.

**IT IS FURTHER ORDERED** that Plaintiff's motions for copies (ECF Nos. 96 & 97) are **denied**.

DATED: September 16, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] If dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty days after a decision on the dispositive motions or until further order of the Court.