# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kenneth G. McDonald,<br><br>  Plaintiff,<br><br>v.<br><br>Brian Williams, et al.,<br><br>  Defendants. | Case No. 2:17-cv-03066-RFB-DJA<br><br>**Order** |

Before the Court is Defendants' response to this Court's order asking Defendants to show cause why they did not violate Rule 11. (ECF No. 98). Because the Court finds that the Defendants have adequately shown that they did not violate Rule 11, the Court declines to impose sanctions. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.   Background.**

While housed in Saguaro Correctional Center (SCC) in Arizona—although still in Defendants' custody—Plaintiff requested an eye exam for new glasses. (ECF No. 12 at 3). After his requests were unsuccessful, Plaintiff filed a motion for injunctive relief in May of 2019. (ECF No. 12). Defendants responded that they would attempt to expedite the process of Plaintiff getting an eye exam at SCC and conceded that Plaintiff "may face irreparable harm if he goes an extended time without prescription glasses." (ECF No. 15 at 12). Despite these reassurances, Plaintiff did not receive an eye exam until almost a year later and only after the Court ordered Defendants to provide one. (ECF No. 43). In that order, the Court explained that

> Plaintiff has alleged facts sufficient to demonstrate the Defendants have deliberately delayed getting adequate treatment to Plaintiff and that the delay has caused Plaintiff further pain and injury…Defendants assured the Court in their response to Plaintiff's emergency motion that they "would contact SCC medical staff and

attempt to expedite the process"…Defendants have not submitted anything to the Court indicating that they have in fact done so.

Four days after the Court ordered Defendants to provide Plaintiff with an exam—on March 20, 2020—Plaintiff saw an optometrist. (ECF No. 85 at 5). Plaintiff then moved for sanctions, asserting that Defendants falsely represented to the Court that they would attempt to expedite Plaintiff's eye exam, but never did. (ECF No. 85 at 3-4). In response to his motion for sanctions, Defendants did not address or explain the nearly year-long gap between their assurances to the Court that they would help Plaintiff get an eye exam and his actual exam. (ECF No. 90). The Court ordered Defendants to show cause why they did not violate Rule 11 by promising to expedite Plaintiff's eye exam and then failing to ensure that Plaintiff received eye care in a reasonable time. (ECF No. 98).

Defendants explained that sometime around when they represented that they would expedite the exam process, their counsel had contacted the SCC warden, explained Plaintiff's allegations, and requested that SCC expedite Plaintiff's request for an eye exam. (ECF No. 101 at 2-3). It appears that after Defendants' counsel contacted SCC, the Defendants felt it would not be appropriate to intervene with SCC medical professionals and thus, did not follow up on Plaintiff's eye exam, resulting in Plaintiff's approximately year-long wait. *See id.* Defendants explain: "[t]he NDOC Employees' counsel made a good faith effort to have SCC expedite McDonald's request for an ophthalmologist appointment. SCC medical staff may have failed to so expedite, but the NDOC Employees should not be punished for such failure." *Id.*

**II.    Discussion.**

Federal Rule of Civil Procedure 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> …
> (4) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

after a reasonable opportunity for further investigation or discovery.

A court considering a motion brought under Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred; and (2) decide whether to impose sanctions. *See Avendano v. Security Consultants Group*, 302 F.R.D. 588, at 591-92 (D. Nev. 2014). "If the court determines that Rule 11(b) has been violated, it may impose appropriate sanctions upon the attorneys, law firms, or parties that are responsible for the abuses." *See id.*

Here, the Defendants have offered an explanation sufficient to show that they did not violate Rule 11 by claiming that they would attempt to expedite the process of Plaintiff receiving an eye exam and then failing to do so. Rather, their explanation shows that Defendants' counsel did in fact contact the SCC warden in an attempt to expedite Plaintiff's eye exam. The Court notes, however, that while Defendants' explanation is sufficient to show that they did not violate Rule 11, it is weak justification for allowing Plaintiff—housed at a different facility but still lawfully in Defendants' custody—to wait about one year and for a court order to have an eye exam. Clearly the better practice would have been for Defendants to follow up some time during the year to ensure Plaintiff received his eye exam. Failure to do so does not rise to the level of a Rule 11 violation in this instance. As such, Defendants have provided a sufficient showing that they did not violate Rule 11. The Court thus declines to impose sanctions.

**IT IS THEREFORE ORDERED** that Defendants have not violated Rule 11 and thus, the Court declines to impose sanctions.

DATED: October 20, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE